IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY L. WAYERSKI,

                                            OPINION AND ORDER

                Petitioner,

                                              20-cv-88-bbc

    v.

CATHY A. JESS,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Gary L. Wayerski, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2012 judgment of conviction entered by the Circuit Court for Dunn County, Wisconsin, for several counts of child sex offenses, in Case No. 2011CF186. The petition is before this court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that petitioner is not entitled to relief. See also 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief). Also before the court is petitioner's motion for court assistance in recruiting counsel. Dkt. #4.

       Petitioner contends that (1) his trial counsel was ineffective by failing to question petitioner at trial about whether he confessed his guilt to a fellow inmate, John Clark, at the Chippewa County jail; (2) the state violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), and related law by failing to disclose that Clark had child sex assault

1

charges pending against him at the time he testified against petitioner; (3) the trial court violated his rights to due process and a fair trial by denying his request for a change of venue; (4) the trial court unduly prejudiced petitioner and violated his right to due process by erroneously admitting evidence of pornographic materials in petitioner's possession; (5) the evidence was insufficient to convict petitioner of eight counts of sexual assault by a person who works or volunteers with children (counts 9 to 16 of the second amended information); and (6) the state courts erroneously denied petitioner's request for a new trial in the interests of justice.

After reviewing the information contained in the petition and Wisconsin's online court records, it is clear that petitioner failed to present four of his claims in his petition for review (claim nos. 3-6) to the state supreme court. Therefore, it appears that petitioner has procedurally defaulted his unexhausted claims. However, I will give petitioner a short opportunity to show cause why his unexhausted claims should not be dismissed and the petition be allowed to proceed only with respect to his two exhausted claims. Petitioner's motion for assistance in the recruitment of counsel will be denied without prejudice if he is allowed to proceed with his petition.

BACKGROUND

On October 12, 2012, a jury found petitioner Gary Wayerski guilty of sixteen felony offenses based on allegations that, over a several-month span, petitioner had repeated sexual contact with two teenage boys and exposed them to pornography at his

residence. Dunn County case no. 2011CF186. Petitioner filed a direct appeal in which he raised six issues: (1) the circuit court erroneously denied his motion for a change of venue or selection of the jury from another county; (2) the court erroneously admitted "other acts" evidence consisting of pornographic materials in petitioner's possession; (3) he received ineffective assistance of counsel when his attorney failed to ask him during his testimony about statements he made to a state's witness and failed to seek a mistrial in response to admission of the pornographic materials; (4) the state committed a Brady violation by not disclosing a state witness's pending criminal charges; (5) the evidence was insufficient to convict him of eight counts of sexual assault by a person who works or volunteers with children, contrary to Wis. Stat. § 948.095(3) (2015-16) because persons in his then-occupation as a police officer are not within the scope of the statute; and (6) he is entitled to a new trial in the interests of justice. State v. Wayerski, 2017 WI App 80, ¶ 1, 378 Wis. 2d 739, 905 N.W.2d 843, aff'd as modified, 2019 WI 11, ¶ 2, 385 Wis. 2d 344, 922 N.W.2d 468. The Wisconsin Court of Appeals denied petitioner's appeal on October 31, 2017, finding that

> "the circuit court properly exercised its discretion in denying the change of venue and venire motion and in admitting the challenged pornographic evidence; Wayerski failed to demonstrate his trial attorney's assistance prejudiced his defense on the surrebuttal testimony or was deficient on the motion for a mistrial; there was no Brady violation because it was not 'an intolerable burden on the defense' to search CCAP for the State witness's available pending criminal charges, see State v. Randall, 197 Wis. 2d 29, 38, 539 N.W.2d 708 (Ct. App. 1995); the evidence at trial was sufficient for a jury to conclude that Wayerski—as a police officer or, in the alternative, as a volunteer who worked with the victims—satisfied all eight

3

counts charged under WIS. STAT. § 948.095(3); and finally, Wayerski fails to show the interests of justice require a new trial."

Wayerski, 2017 WI App 80, ¶ 2.

Petitioner filed a petition for review, which the Wisconsin Supreme Court granted on March 13, 2018. State v. Wayerski, 2018 WI 32, 380 Wis. 2d 350, 913 N.W.2d 186. The supreme court noted that petitioner had raised only two issues in his petition for review: his ineffective assistance of trial counsel claim related to Clark's testimony and his Brady claim. State v. Wayerski, 2019 WI 11, ¶ 4, 385 Wis. 2d 344, 350, 922 N.W.2d 468, 471. (Petitioner states that he does not know why the supreme court did not consider his other claims, but he says that his appellate counsel was ill for a period of time.) The supreme court denied both claims on their merits on February 7, 2019. Id. Petitioner filed his federal habeas petition in this court on January 27, 2020. Dkt. #1.

OPINION

A prisoner may not file a habeas petition before presenting his claims through a complete round of state-court review. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir. 1995). In Wisconsin, this includes filing an appeal in the Wisconsin Court of Appeals and a petition for review in the Wisconsin Supreme Court. E.g., Mittelstadt v. Wall, 2015 WL 5440661, at *2-3 (W.D. Wis. Sept. 14, 2015) (citing state law provisions); Sanders v. Paquin, 09-cv-472, 2009 WL 2450362, at *4 (W.D. Wis. Aug. 7, 2009) (to satisfy

4

exhaustion requirement, § 2254 petitioner "must assert each of his claims in a petition for review to the Wisconsin Supreme Court") (citing Moore v. Casperson, 345 F.3d 474, 485-86 (7th Cir. 2003)). Failure to do so constitutes a procedural default. Boerckel, 526 U.S. at 848; Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).

Petitioner says and court records available online confirm that he did not assert four of his claims (nos. 3-6) in his petition for review to the Wisconsin Supreme Court. Therefore, this court is procedurally barred from considering the merits of those claims unless petitioner can show either: (1) cause for the default and actual prejudice; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice because he is actually innocent of the conviction in the Circuit Court for Dunn County case number 2011CF186. Thomas v. Williams, 822 F.3d 378, 386 (7th Cir. 2016) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). To show "cause," petitioner must show that "some objective factor external to the defense impeded counsel's [or petitioner's] efforts to comply the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To invoke the miscarriage of justice exception, petitioner must show that the constitutional violation has probably resulted in a conviction of one who is actually innocent. Schlup v. Delo, 513 U.S. 298, 327 (1995).

Petitioner mentions that his appellate lawyer was sick during some of the proceedings in his case, but even if I can assume from that statement that petitioner means to say that his appellate lawyer was ineffective, such ineffectiveness would not establish cause for his default. To qualify as cause to excuse a procedural default, there

must be a constitutional right to assistance of counsel in the state proceeding. Coleman, 501 U.S. at 752; Shepler v. Smith, 2018 WL 1997988, at *2 (W.D. Wis. Apr. 27, 2018). There is no constitutional right to counsel in second-tier discretionary review to the state's highest court. Ross v. Moffitt, 417 U.S. 600, 610 (1971). Accordingly, any alleged ineffectiveness of petitioner's counsel in connection with the petition for discretionary review does not establish cause (as the law defines that term) for his default. In addition, a prisoner's pro se status or lack of education or legal knowledge by themselves do not qualify as adequate grounds to excuse a procedural default. Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003); Dellinger v. Bowen, 301 F.3d 758, 763 (7th Cir. 2002) (petitioner's youth and lack of education did not constitute cause); Henderson v. Cohn, 919 F.2d 1270, 1272-73 (7th Cir. 1990) (petitioner's illiteracy and limited education insufficient to establish "cause").

Because procedural default is an affirmative defense that petitioner was not required to address in his petition, I will give him an opportunity to respond to this order with facts showing that he can satisfy either the cause and prejudice or miscarriage of justice exceptions to the procedural default rule. If he fails to do so, I will dismiss the unexhausted claims and order the state to respond to the exhausted claims in the petition.

ORDER

IT IS ORDERED that

1. Petitioner Gary Wayerski's motion for assistance in the recruitment of counsel, dkt. #4, is DENIED without prejudice.

2. Petitioner has until May 28, 2020, within which to show cause why his unexhausted claims of ineffective assistance of postconviction counsel should not be dismissed as barred by the doctrine of procedural default. If petitioner fails to respond by May 28, 2020, I will dismiss those claims and order the state to respond to the exhausted claims in the petition.

Entered this 7th day of May, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge