IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY L. WAYERSKI,

                                                    ORDER

                Petitioner,

                                                  20-cv-88-bbc

    v.

CATHY A. JESS,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Gary L. Wayerski has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2012 judgment of conviction entered by the Circuit Court for Dunn County, Wisconsin, for several counts of child sex offenses, in Case No. 2011CF186.  He contends that:  (1) his trial counsel was ineffective by failing to question petitioner at trial about whether he confessed his guilt to a fellow inmate, John Clark, at the Chippewa County jail; and (2) the state violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), and related law by failing to disclose that Clark had child sex assault charges pending against him at the time he testified against petitioner. Now before the court is petitioner's motion requesting discovery from the state.  Dkt. #22.  He seeks information about whether any fingerprint testing or analysis was done on items collected by law enforcement during the investigation in his criminal case.

      I will deny the motion.  Although Rule 6(a) of the Rules Governing Section 2254 Cases provides that a court may authorize a petitioner to conduct discovery in a federal habeas case, there must be "good cause" to do so.  Tabb v. Christianson, 855 F.3d 757,

763 (7th Cir. 2017). A petitioner cannot show good cause unless the underlying facts, if proven, constitute a constitutional violation. Id.; Hubanks v. Frank, 392 F.3d 926, 933 (7th Cir. 2004). In this instance, petitioner has not shown good cause for his discovery request. His request for fingerprint information is not related to either of the two claims on which he is proceeding in this case. Moreover, petitioner did not exhaust any claim regarding fingerprint analysis in the state courts. I will not authorize petitioner to conduct discovery on an unexhausted claim on which he is not proceeding.

ORDER

IT IS ORDERED that petitioner Gary L. Wayerski's motion to conduct discovery, dkt. #22, is DENIED.

Entered this 10th day of August, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge