IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY L. WAYERSKI,

                                                                             OPINION AND ORDER

                        Petitioner,

                                                                              20-cv-88-bbc

    v.

SARAH COOPER,

                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Gary L. Wayerski has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2012 judgment of conviction for several counts of felony child sex offenses, on the grounds that: (1) his trial counsel was ineffective by failing to question petitioner at trial about whether he had confessed his guilt to a fellow inmate; and (2) the state violated his due process rights under Brady v. Maryland, 373 U.S. 83 (1963) by failing to disclose that a state witness had child sex assault charges pending against him at the time he testified against petitioner.

      Petitioner filed a 110-page brief in support of his petition, dkt. #27, to which the state responded by filing a motion to dismiss the case or, in the alternative, to strike petitioner's brief. Dkt. #30. The state argues that the case should be dismissed because petitioner improperly argues in his brief that petitioner failed to exhaust his remedies in state court. Petitioner filed a 40-page brief opposing the state's motion, clarifying that he wants to proceed only on the two claims identified above, both of which he exhausted in state court. Dkt. #32 at 3. He says that he included other arguments in an effort to

1

show that he was prejudiced by his counsel's ineffectiveness and the state's <u>Brady</u> violation.

I will deny the state's motion to dismiss, and I will not require petitioner to file a new brief. The parties have provided the necessary state court records and I have sufficient information to resolve the habeas petition. Having reviewed petitioner's 110-page brief and the additional briefs he filed in response to the state's motion, I conclude that petitioner has failed to establish that the Wisconsin Supreme Court unreasonably applied clearly established federal law when it rejected his claims and affirmed his conviction. Accordingly, his petition will be denied.

BACKGROUND

The following facts are drawn from the petition and state court records provided by petitioner and the state.

In Dunn County case number 2011CF186, petitioner was charged with sixteen felony counts of child sex offenses. The underlying facts accused petitioner, a former police officer and police chief, of having repeated sexual contact with two teenage boys and exposing them to pornography at his residence over a several-month period. Petitioner pleaded not guilty to the charges and proceeded to a jury trial.

The state's primary witnesses at trial were the two victims, J.P. and J.H. J.P. testified that after he was involved in a burglary of a church, petitioner, a police officer at the time, offered to mentor and supervise J.P. while he was on probation. J.P.'s mother

approved the arrangement, and petitioner started taking J.P. on patrol "ride-alongs" in his squad car. Petitioner and J.P. gradually began to discuss topics involving sex. Petitioner eventually invited J.P. to visit his apartment alone, which J.P.'s parents approved. Over the next three months, J.P. visited petitioner's apartment, where petitioner and J.P. would watch pornography and drink alcohol while petitioner masturbated him.

The second victim, J.H., testified that he was also involved in a theft, and petitioner arranged to supervise J.H.'s community service and to take J.H. on patrol ride-alongs. Eventually, petitioner brought J.H. to his apartment, where they watched internet and on-demand cable pornography while petitioner would, on occasion, take off J.H.'s clothes, rub his body and masturbate him.

Petitioner occasionally invited both J.P. and J.H. to his apartment at the same time for overnight stays, during which he would give them alcohol and watch pornography with them. Both J.P. and J.H. testified about several specific sexual acts that petitioner had them perform while they were alone with petitioner at his apartment. J.P. and J.H. testified they told no one about these incidents of sexual contact or pornographic viewing because petitioner threatened to send them to "juvie" or jail if they told anyone.

During the last visit to petitioner's apartment, J.P. and J.H. got into an argument with petitioner and left. J.P. and J.H. walked several miles to a friend's house. After J.H.'s father picked them up, they told him that, over the past three months, they had

3

been drinking and watching pornography at petitioner's apartment and that petitioner had been molesting them.

The state called the parents of J.H. and J.P. as witnesses to corroborate the victims' story about their frequent contact with petitioner and their overnight stays at his apartment.  A detective testified that he interviewed the victims and that their demeanor was consistent with prior victims of sexual assault.  The jury also heard testimony from a DNA analyst from the Wisconsin State Crime Laboratory, who stated that semen found in petitioner's apartment matched J.P.'s DNA. Additionally, several other law enforcement officers testified about their involvement in the case.

The jury saw a substantial amount of evidence.  They saw a cable bill containing charges for on-demand pornography, pornographic photographs from petitioner's computer, pornography searches, photos of J.H. and J.P. that petitioner captured on his phone and messages from petitioner's computer and cell phone.  The pornographic materials on petitioner's computer reflected an interest in young males between the ages of 16 and 20 and included pictures arranged under titles labeled "milking," "punish," "spanking," and "stances."  At trial, petitioner admitted to these types of sexual interests. In the trial testimony of both J.P. and J.H. and in their initial interviews with a police detective, they described contact consistent with these types of sexual interests.

Petitioner's general defense was that the juveniles had fabricated the allegations because petitioner was part of a drug investigation connected with J.P. and J.H. Petitioner testified at trial, denying all of the testimony of J.P. and J.H. regarding his

4

sexual contact and viewing pornography with them. Petitioner also disputed the number of ride-alongs he had with J.P. and J.H., their parents' testimony that he initially approached them about mentoring the boys and the number of times the boys visited his apartment. The defense also called four witnesses at trial who testified that after petitioner's arrest, J.P. told them that the allegations were untrue.

On rebuttal, the state called John Clark, an inmate who had occupied a Chippewa County jail cell near petitioner. Clark testified that petitioner had admitted to masturbating the victims, watching pornography with them and allowing them to drink alcohol. Clark also testified that petitioner had asked Clark for advice on defending against the charges. Clark testified that he did not ask for, or receive, any benefit for testifying against petitioner. Instead, Clark testified that he had reported the comments to a sergeant at the jail and to a detective because "[t]hey're kids. I think that says it all." On the stand, Clark admitted to the jury that he had been convicted of 20 crimes, including some felonies, but no details about his crimes were introduced.

Defense counsel recalled petitioner to the stand after Clark's rebuttal testimony. However, defense counsel did not ask petitioner about his purported confession to Clark. Instead, defense counsel asked questions about the number of inmates in jail that petitioner had been in contact with and whether inmates had access to the media.

The jury found petitioner guilty of all 16 counts. He was sentenced to 14 years of initial confinement and 16 years of extended supervision.

Petitioner brought a postconviction motion for a new trial on, among other grounds, ineffective assistance of counsel and the state's non-disclosure of criminal charges Clark had pending at the time of trial. Petitioner had learned that, about one month before trial, Clark was charged in Chippewa County with six criminal counts, including two counts of sexual intercourse with a child who had attained the age of sixteen years. The prosecutor had discovered the charges a few days before trial while searching Wisconsin's online court database, and he had obtained a copy of the criminal complaint pursuant to that search. But the prosecutor did not inform defense counsel of the charges, and defense counsel was not aware of them.

After a hearing, the postconviction court rejected all of petitioner's arguments and entered an order denying his motion. Petitioner appealed, and the court of appeals affirmed the conviction. Petitioner then filed a petition for review with the Wisconsin Supreme Court, raising only his claims that (1) trial counsel was ineffective for failing to question him about the purported confession that he gave to Clark; and (2) the state violated his due process rights under <u>Brady</u> by failing to disclose impeachment evidence of Clark's pending child sex assault charges.

The Wisconsin Supreme Court rejected petitioner's arguments and affirmed his conviction. Dkt. #23-2. It decided that even if trial counsel's performance was deficient, there was no prejudice to petitioner. The court also concluded that there was no <u>Brady</u> violation, because petitioner had failed to show that the evidence of Clark's pending criminal charges was material.

OPINION

Petitioner contends that he is entitled to habeas relief because: (1) his trial counsel was ineffective by failing to question petitioner at trial about whether he had confessed his guilt to a fellow inmate, John Clark, at the Chippewa County jail; and (2) the state violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), and related law by failing to disclose that Clark had child sex assault charges pending against him at the time he testified against petitioner.

A federal court may grant habeas relief following an adjudication on the merits in state court only if that decision (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1)–(2); Czech v. Melvin, 904 F.3d 570, 573 (7th Cir. 2018). The Wisconsin Supreme Court issued the last reasoned decision on the merits of petitioner's claim, so its analysis deserves deference so long as that analysis is reasonable. Gage v. Richardson, 978 F.3d 522, 529 (7th Cir. 2020).

A.  Ineffective Assistance of Counsel

The Wisconsin Supreme Court stated correctly that to succeed on his ineffective assistance claim, petitioner must show both that his counsel's performance was deficient and that he was prejudiced as a result. Dkt. #23-2 at 14-15 (citing Strickland v.

7

Washington, 446 U.S. 668, 687 (1984)). To demonstrate deficient performance, petitioner must show "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. To demonstrate prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner contends that his trial attorney performed deficiently by failing to ask petitioner during trial whether he had confessed his crimes to John Clark, the inmate at Chippewa County jail. At the postconviction hearing, petitioner testified that, had he been asked, he would have denied all of Clark's allegations. His attorney testified that he could not recall any tactical reason for not asking petitioner any questions about Clark's testimony. Petitioner argues that this oversight was prejudicial because his failure to deny Clark's allegations was tantamount to an admission of guilt on all of the charged offenses. He argues that he should have had the opportunity to deny Clark's allegations, as well as offer evidence that Clark was lying about when they were together at the jail, that Clark learned details of petitioner's case from media and through interviews with police, that the police fed information to Clark, that Clark had been an informant in the past, and that Clark had received reduced charges in return for testifying.

The Wisconsin Supreme Court rejected petitioner's ineffective assistance claim on the ground that he could not satisfy the prejudice prong of his claim. Dkt. #23-2 at 17. The court identified three main reasons why petitioner was not prejudiced. First, although petitioner did not deny confessing to Clark directly, the jury was well aware that

8

petitioner claimed innocence of all charges during trial. Id. Second, Clark's credibility was undermined by evidence that he had been in and out of jail and had been convicted of 20 crimes, some of which were felonies. Id. at 17-18. And third, the evidence of petitioner's guilt was overwhelming, regardless whether the jury believed Clark's testimony regarding the jailhouse confession. Id. at 18.

The question for this court is whether the Wisconsin Supreme Court applied Strickland unreasonably in concluding that petitioner failed to show prejudice. Carter v. Duncan, 819 F.3d 931, 943 (7th Cir. 2016) (even if counsel's performance was deficient, conviction must be upheld if state court's prejudice analysis was not unreasonable). Only if the court made a "clear error in applying Strickland" can petitioner's habeas petition succeed. Allen v. Chandler, 555 F.3d 596, 600 (7th Cir. 2009). See also Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002) ("A state court decision must be more than incorrect from the point of view of the federal court; AEDPA requires that it be 'unreasonable,' which means something like lying well outside the boundaries of permissible differences of opinion.").

Petitioner's ineffective assistance claim fails because the Wisconsin Supreme Court's decision was reasonable and well-supported by the evidence presented at trial. As the court pointed out, the jury knew that petitioner disputed Clark's testimony. Petitioner maintained his innocence throughout trial and testified on both direct and cross-examination that the victims' allegations were false. Defense counsel called four witnesses who testified that they heard J.P. recant the accusations.

Most importantly, the evidentiary significance of Clark's testimony was minor in light of the overwhelming evidence of petitioner's guilt. J.P. and J.H. gave detailed testimony about petitioner's actions. A detective testified that the victims' demeanor was consistent with that of sexual assault victims in prior cases he had investigated. Substantial evidence recovered from petitioner's apartment corroborated their accounts, including the on-demand pornography bill, the contents of petitioner's computer and a plate containing J.P.'s semen. The victims' parents corroborated the frequent ride-alongs and visits to petitioner's apartment. So even if petitioner had convinced the jury that Clark's testimony regarding petitioner's jailhouse confession was not credible, there was still ample evidence upon which the jury could have relied to find guilt. Thus, it was reasonable for the Wisconsin Supreme Court to conclude that the likelihood of a different result was not substantial. Harrington v. Richter, 562 U.S. 86, 112 (2011) (in assessing prejudice under Strickland, the likelihood of a different result must be "substantial, not just conceivable.").

In sum, the Wisconsin Supreme Court's rejection of petitioner's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of Strickland. Nor was the court's decision unreasonable in light of the evidence.

## B. Brady Claim

Petitioner next contends that the state violated his due process rights under Brady v. Maryland, 373 U.S. 83 (1963), and related law by failing to disclose that Clark had

10

child sex assault charges pending against him at the time he testified against petitioner. This evidence would have undermined Clark's statement that he was testifying against petitioner out of concern for child sex abuse victims.

Under Brady, a defendant's due process rights are violated if the state withholds favorable evidence from the defense that is material to the defendant's guilt or punishment. Id. at 87. The Wisconsin Supreme Court concluded that the evidence of Clark's pending criminal charges would have been favorable to petitioner, that the prosecutor was aware of the charges, and that the prosecutor did not disclose the charges to the defense. Therefore, the only question for this court is whether the Wisconsin Supreme Court's decision—that evidence of Clark's pending charges was not material under Brady—was contrary to or an unreasonable application of clearly established federal law. Sims v. Hyatte, 914 F.3d 1078, 1087 (7th Cir. 2019) (standard for evaluating Brady claims on federal habeas review).

Evidence is material under Brady if "there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." Id. (citing Kyles v. Whitley, 514 U.S. 419, 433 (1995)). A "reasonable probability" exists if the suppression of the favorable evidence "undermines confidence in the outcome of the trial." Id. If the withheld evidence is impeachment evidence of a state witness, "courts must consider the overall strength of the prosecution case, the importance of the particular witness's credibility to the prosecution case, the strength of the concealed

impeachment material, and how the concealed material compares to other attacks the defense was able to make on the witness's credibility." Sims, 914 F.3d at 1089.

The Wisconsin Supreme Court concluded that the evidence of Clark's pending criminal charges was not material to the outcome of the trial. Dkt. #23-2 at 30. The court applied the correct standard from Brady, and its analysis and conclusion are reasonable. In light of the substantial and compelling evidence of petitioner's guilty, discussed above, Clark was not a significant witness. Compare Wearry v. Cain, 136 S. Ct. 1002, 1007 (2016) (withholding impeachment evidence of state's star witness violated Brady), with Turner v. United States, 137 S. Ct. 1885, 1894 (2017) (impeachment evidence involving minor witness was not material under Brady). Accordingly, the Wisconsin Supreme Court's decision was not an unreasonable application of Brady.

### C. Certificate of Appealability

The only question remaining is whether to issue petitioner a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 282

(2004)(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case.  Petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court.  Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that petitioner Gary L. Wayerski's petition for a writ of habeas corpus is DENIED.  He is DENIED a certificate of appealability.

Entered this 26th day of February, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge